The opinion of the Court was now delivered by
Smith, C. J.
As to the latter sum, $30, it ought not to have been included in the bill of costs taxed against the present plaintiff. But it makes a part of the judgment; and this action will not lie to recover back money paid under a judgment of a court of competent jurisdiction, as long as the judgment remains in force, (a) There is no ground of distinction between the damages and costs. Errors in the one stand on the same footing in this respect [as errors in the other]. They are both awarded by the Court.
*148 It is contended by the plaintiff’s counsel, that this item was inserted in the bill of costs by the fraudulent act of Clarke, and that the plaintiff may waive the fraud and sue for the money actually obtained thereby, (a) It is true that there are many cases where a party defrauded may maintain this action to recover back the money unjustly taken from him. But -the law will not presume, nor will it admit, in this form of action, of an allegation, that a judgment is founded on fraud, that a sum of money awarded for costs ought not to have been awarded. As long as this judgment remains in force, we are bound to presume that the legal costs, and those only, were awarded. Money paid under a judgment fraudulently obtained cannot be recovered back in this form of action. -
It has been also said that defendant cannot in conscience retain this money to which he had no just claim, and which indeed he obtained by means of his own fraudulent act. The answer is, that, in a court of law, we cannot receive evidence of this kind in this form of action. It would be trying, in an action for money had and received, the merits of a judgment obtained in another suit, (b)
Plaintiff had judgment jor $3.78 only.[1]

 Sec Henry v. Arms, [reported ante],

 Cowp. 372, 414, 416, 419.
Note. What mode of redress can be pursued ?
Error will lie for refusal of costs where entitled. Colman’s Cases (N. Y.), 117.

'b) Grafton Superior Court, October, 1807.
Porter v. Lewis. Money had and received to recover back $8 taxed, $4 for a grand juror and $4 for a petit juror, as witnesses for Lewis in an action formerly tried between the present parties, in which Lewis recovered costs, on the ground that these witnesses should not have been taxed.
Pee Cueiam. On the authority of Robinson v. Clarke this action cannot be maintained. Plaintiff nonsuit.

 See Lyford v. Demeritt, 32 N. H. 234; Curtis v. Fairbanks, 16 N. H. 542; Hillsborough v. Nichols, 46 N. H. 379.
As to when a judgment for costs may be impeached, on the ground of fraud, by sureties in a bond, given during the pendency of the action, conditioned for the payment of such costs as should be recovered, see Great Falls Man. Co. v. Worster, 1863, 45 N. H. 110.